FILED
2006 Oct-04 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA LACEY, | } | |
| Plaintiff, | } } } | |
| v. | } } | Case No.: 2:06-CV-1437-RDP |
| BAPTIST HEALTH SYSTEMS, INC.; DR. JOHN D. BURKE; AFFINITY HOSPITAL, LLC, | } } } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

I. **Introduction**

Pending before the court is Defendant John D. Burke, M.D.'s Motion to Dismiss (Doc. #5) filed August 16, 2006. This motion was fully briefed and came under submission August 28, 2006. As further discussed below, Defendant's Motion to Dismiss is due to be granted, and the action against Defendant John D. Burke, M.D. is due to be dismissed without prejudice.

II. **Statement of Facts**[1]

On November 16, 2005, Theresa Lacey ("Plaintiff") went to Baptist Medical Center, Montclair seeking emergency medical treatment for a mental illness. (Doc. # 1 at ¶ 10). Dr. John D. Burke ("Defendant") was the emergency room doctor who screened Plaintiff for admission to the hospital. (Doc. #1 at ¶ 11). Plaintiff was not admitted to the hospital as an inpatient and was

---

[1] The facts are taken from Plaintiff's Amended Complaint. (Doc. # 7). The court is aware that Defendants John D. Burke and Affinity Hospital LLC dispute many of Plaintiff's alleged facts, but for the purpose of ruling on Defendant's Motion to Dismiss, the court will view the facts in the light most favorable to Plaintiff's position, and thus assume her statement of facts.

escorted out of the hospital by security. (Doc. # 1 at ¶ 12). While sitting outside the hospital, Plaintiff broke her eyeglasses and attempted to commit suicide. (Doc. # 1 at ¶ 13). Defendant came outside the hospital, saw her, and put her in a taxicab. (Doc. # 1 at ¶ 14–15). Plaintiff was ultimately treated at another hospital. (Doc. # 1 at ¶ 17).

### III.    Standard of Review

The motion to dismiss filed by Defendant raises two defenses under Federal Rule of Civil Procedure 12(b). First, the motion challenges whether this court has subject-matter jurisdiction over Plaintiff's claim against him under Rule 12(b)(1). The motion also challenges the sufficiency of the pleadings against Defendant in the Amended Complaint (Doc. # 7) under Rule 12(b)(6). FED. R. CIV. P. 12(b)(1) & 12(b)(6). The standards of review to be applied under these rules are familiar ones. Under Rule 12(b)(1), "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1244 (2006). A court may dismiss a cause of action under Rule 12(b)(6) only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV.    Discussion

Notwithstanding her assertions to the contrary in Plaintiff's Response to Motion to Dismiss of Dr. John D. Burke (Doc. # 10 at 5), the only cause of action Plaintiff asserts in her First Amended Complaint is a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"). (Doc. # 7 at 10–11). Plaintiff contends that Defendant failed to adequately treat her in violation of the statutory provisions of the EMTALA. As explained more fully below, because the EMTALA creates a private right of action only against hospitals and not individual physicians, the court finds

that Plaintiff's claim must be dismissed for lack of subject-matter jurisdiction.[2]

"Congress enacted EMTALA to prevent hospitals from failing to examine and stabilize patients who seek treatment in their emergency departments." *Harry v. Marchant*, 237 F.3d 1315, 1317 (11th Cir.2001) (internal citations omitted). The act was "intended to protect patients by prohibiting hospitals from engaging in 'patient dumping,' the practice of refusing to examine or treat patients who came into the emergency room of the hospital but might be unable to pay." *Id.* (internal citations omitted). Accordingly, the EMTALA provides in relevant part:

> In the case of a hospital that has a hospital emergency department, if any individual . . . comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition . . . exists.

42 U.S.C. § 1395dd(a) (2000).

The EMTALA calls for both public and private enforcement of its provisions. Under § 1395dd(d)(1), the Secretary of Health and Human Services may seek civil monetary penalties against hospitals and physicians who violate the dictates of the EMTALA. 42 U.S.C.A. §§ 1395dd(d)(1), (3) and 1320a-7a(a); *Richardson v. Sw. Miss. Reg'l Med. Ctr.*, 794 F. Supp. 198, 200 (S.D. Miss.1992). Notwithstanding this administrative enforcement of the EMTALA, the statute also creates a cause of action for private parties injured due to a violation of the EMTALA. The section creating a private cause of action under the EMTALA states:

---

[2]Further, Plaintiff has failed to state a cause of action for state medical malpractice under Alabama Code § 6-5-551 in her First Amended Complaint, and therefore the court cannot assume supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over a claim that has not been plead.

3

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A). Plaintiff reads this provision together with the rest of the statute and its legislative history as providing a private cause of action against individual physicians as well as hospitals. (Doc. # 10 at 3). Plaintiff's argument is off the mark for two reasons. First, her interpretation is contrary to the plain language of the EMTALA. Second, even if the language were not unambiguous, the legislative history and cases cited by Plaintiff do not convince the court that a physician can be sued under the EMTALA.

The majority of courts, including *every* court that has considered the issue in this circuit, have held "the EMTALA creates a private right of action only against hospitals, not individual physicians." *Bryant v. John D. Archibald Mem'l Hosp.*, No. Civ. A. 6:05-CV-11, slip. op., 2006 WL 1517074 at *2 n.3 (M.D. Ga. May 23, 2006); *see Lane v. Calhoun-Liberty County Hosp. Association, Inc.*, 846 F. Supp. 1543, 1547–48 (N.D. Fla.1994); *Holcomb v. Monahan*, 807 F. Supp. 1526, 1534 (M.D. Ala. 1992); *see also Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1260 (9th Cir.2001)(no private right of action against non-hospital private corporation); *Delaney v. Cade*, 986 F.2d 387, 394 (10th Cir.1993) ("[T]he plain language of the Act indicates individuals can bring civil actions only against participating hospitals."); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 877 (4th Cir.1992) ("Although the statute clearly allows a patient to bring a civil suit for damages for an EMTALA violation against a participating hospital, no section permits an individual to bring a similar action against a treating physician."); *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1040 (D.C. Cir. 1991); *Davis v. Twp. of Paulsboro*, 424 F. Supp. 773, 778 (D. N.J. 2006);

4

*Medero Diaz v. Grupo De Empresas De Salud*, 112 F. Supp.2d 222, 225 (D.P.R.2000); *Smith v. Janes*, 895 F. Supp. 875, 878–79 (S.D. Miss. 1995); *Urban v. King*, 783 F. Supp. 560, 562–63 (D. Kan. 1992); *Jones v. Wake County Hosp. Sys., Inc.*, 786 F. Supp. 538, 545 (E.D.N.C. 1991); *Lavignette v. W. Jefferson Med. Ctr.*, No. 89-5495, 1990 WL 178708 *2 (E.D. La. Nov. 7, 1990); *Verhagen v. Olarte*, No. 89 Civ. 0300 (CSH), 1989 WL 146265, at * 6 (S.D.N.Y.1989). Those courts have all concluded that the plain language of the EMTALA simply *does not* create a private right of action against individual physicians, but rather *only* against "participating hospitals." 42 U.S.C. § 1395dd(d)(2)(A).

Furthermore, the court is unwilling to conclude the EMTALA contains an implied private cause of action against individual physicians. Again, it is noteworthy that while Congress expressly created a private cause of action against hospitals, it did not include in the statute any similar remedy against individual physicians. As the United States Supreme Court has stated:

> [I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19-20, (1979) (citations omitted). Reviewing Congressional acts creating private rights of action, the Court in *Lewis* further noted: "Obviously, then, when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly." *Id.* at 21 (citations omitted). Applying these principles of statutory interpretation here, the court determines that in the EMTALA, Congress created a private cause of action against hospitals, but not individual physicians. If Congress had intended to create a private remedy against physicians, it knew how to do so. Here, Congress chose not to create such a remedy,

5

and this demonstrates that the EMTALA was not intended to allow private plaintiffs to sue individual physicians.

Dismissal under Rule 12(b)(1) is appropriate when the plaintiff fails to establish the court's subject-matter jurisdiction over the cause of action. *Smith v. GTE Corp.*, 236 F.2d 1292, 1299 (11th Cir. 2001); *see also Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980). The court finds that Plaintiff has failed to establish the court's subject-matter jurisdiction over its claim against Defendant Burke in this case, and thus Plaintiff's complaint against Defendant Burke must be dismissed. As jurisdiction is a threshold issue to be determined by the court, and in this case that inquiry is dispositive of the instant motion, the court need not address Defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## V.   Conclusion

For the reasons explained above, Defendant's Motion to Dismiss (Doc. # 5) is due to be granted, and this action against Defendant John D. Burke, M.D. should be dismissed with prejudice. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___3rd___ day of October, 2006.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE